**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481

*Counsel for Proposed Lead Plaintiff Union
Asset Management Holding AG and Proposed
Lead Counsel for the Class*

[Additional counsel appear on signature page.]

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FORTINET, INC., KEN XIE, MICHAEL XIE, KEITH JENSEN, and CHRISTIANE OHLGART, <br><br> Defendants. | Case No. 3:25-cv-08037-AMO <br><br> <u>CLASS ACTION</u> <br><br> **UNION ASSET MANAGEMENT HOLDING AG'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF** <br><br> Date: March 5, 2026 <br> Time: 2:00 p.m. <br> Dept.: Courtroom 10, 19th Floor <br> Judge: Hon. Araceli Martínez-Olguín |

*Caption continued on next page*

STATE OF RHODE ISLAND OFFICE OF THE GENERAL TREASURER ON BEHALF OF THE EMPLOYEES' RETIREMENT SYSTEM OF THE STATE OF RHODE ISLAND, on Behalf of Itself and All Others Similarly Situated,

Plaintiff,

vs.

FORTINET, INC., KENNETH XIE, KEITH JENSEN, and CHRISTIANE OHLGART,

Defendants.

Case No. 3:25-cv-08888-AMO

CLASS ACTION

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

I.    PRELIMINARY STATEMENT .................................................................................................1

II.    ARGUMENT .............................................................................................................................3

    A.    Union Should Be Appointed Lead Plaintiff ...............................................................3

        1.    Union Has The Largest Financial Interest ......................................................3

        2.    Union Satisfies The Requirements Of Rule 23 ...............................................5

        3.    The Presumption In Favor Of Appointing Union As Lead
            Plaintiff Cannot Be Rebutted .........................................................................7

    B.    Union's Selection Of Lead Counsel Should Be
        Approved .....................................................................................................................7

    C.    The Related Actions Should Be Consolidated ............................................................8

III.    CONCLUSION ..........................................................................................................................8

## TABLE OF AUTHORITIES

CASES                                                                                            PAGE(S)

*Ali v. Intel Corp.*,
   2018 WL 2412111 (N.D. Cal. May 29, 2018) ............................................................ 8

*Bodri v. GoPro, Inc.*,
   2016 WL 1718217 (N.D. Cal. Apr. 28, 2016) ............................................................ 1

*Bricklayers' & Allied Craftworkers Loc. #2 Albany, NY Pension Fund v. New Oriental
   Educ. & Tech. Grp. Inc.*,
   2022 WL 1515451 (S.D.N.Y. May 13, 2022) ............................................................ 6

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
   586 F.3d 703 (9th Cir. 2009) ............................................................ 7

*Curry v. Yelp Inc.*,
   2014 WL 12769377 (N.D. Cal. Nov. 17, 2014) ............................................................ 5

*Doherty v. Pivotal Software, Inc.*,
   2019 WL 5864581 (N.D. Cal. Nov. 8, 2019) ............................................................ 7

*Faris v. Longtop Fin. Techs. Ltd.*,
   2011 WL 4597553 (S.D.N.Y. Oct. 4, 2011) ............................................................ 7

*Hessefort v. Super Micro Comput., Inc.*,
   317 F. Supp. 3d 1056 (N.D. Cal. 2018) ............................................................ 3, 5

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ............................................................ 3, 4, 7

*In re Mersho*,
   6 F.4th 891 (9th Cir. 2021) ............................................................ 2, 3, 6, 7

*Kusen v. Herbert*,
   2023 WL 8171736, (N.D. Cal. Nov. 24, 2023) ............................................................ 3, 4

*Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*,
   2009 WL 1458234 (D. Minn. May 26, 2009) ............................................................ 6

*Shnayder v. Allbirds, Inc.*,
   2023 WL 4771185 (N.D. Cal. July 25, 2023) ............................................................ 5, 8

**Statutes**

15 U.S.C. § 78u-4 *et seq.* ............................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a)(4) ............................................................ 5

Presumptive Lead Plaintiff Union respectfully submits this memorandum of points and authorities in opposition to the competing motions for appointment as Lead Plaintiff (ECF Nos. 23, 31).[1]

## I.      PRELIMINARY STATEMENT

Union is the presumptive Lead Plaintiff in this case by virtue of the more than $75.5 million loss that it incurred on its Class Period investments in Fortinet common stock.  That loss is multiples greater than the losses of all other movants combined.  As a sophisticated institutional investor, Union has also demonstrated its adequacy to prosecute this case.  Further, no other movant can offer any legitimate arguments as to why Union should not be appointed, or provide the "proof" required to rebut Union's status as the presumptive Lead Plaintiff.

In addition to Union's motion, two other motions were filed by putative Class members seeking appointment as Lead Plaintiff: (1) SEB Funds AB ("SEB") (ECF No. 23); and (2) KBC Asset Management NV and State of Rhode Island Office of the General Treasurer on behalf of the Employees' Retirement System of the State of Rhode Island (the "KBC/Rhode Island Group") (ECF No. 31).  Of these movants, Union unquestionably possesses the largest financial interest in this litigation.  *See Bodri v. GoPro, Inc.*, 2016 WL 1718217, at *3 (N.D. Cal. Apr. 28, 2016) (in determining which movant has the largest financial interest, "[t]he weight of authority puts the most emphasis on the competing movants' estimated losses").

As demonstrated by the chart below, Union's loss is ***nearly six times greater*** than the loss claimed by the movant with the next largest loss.  Indeed, Union's loss is ***more than three times greater*** than the losses asserted by the other movants ***combined***.

---

[1] All cites to "ECF No." refer to the docket in *Oklahoma Firefighters*.  All capitalized terms are defined in Union's opening brief, unless otherwise indicated.  *See* ECF No. 42.  All emphasis is added, and all internal citations and quotations omitted unless noted.



Moreover, Union purchased more Fortinet shares on a gross and net basis, and made a larger net expenditure, than all other movants combined. *Compare* ECF No. 42-3 *with* ECF Nos. 24-2; 31-5. Thus, by any relevant metric, Union possesses the largest financial interest in the litigation. In recognition that Union has the largest financial interest and is an otherwise typical and adequate Class representative, the competing movants do not oppose the appointment of Union as Lead Plaintiff. *See* ECF Nos. 53-54. Accordingly, Union's motion is unopposed.

Union also satisfies the typicality and adequacy requirements of Rule 23, and is well suited to represent all Class members. *See* ECF No. 42 at 7-10. Union is an institutional investor with substantial experience successfully serving as a lead plaintiff in securities actions under the PSLRA. As such, Union fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to undertake those responsibilities to ensure the vigorous prosecution of this action.

Because Union has the largest financial interest in the litigation and has made a *prima facie* showing of its typicality and adequacy, Union is entitled to a strong presumption that it is the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). That presumption can only be rebutted "***upon proof***" that Union is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such "proof" exists, and there are no legitimate grounds to challenge Union's typicality or adequacy. *See In re Mersho*, 6 F.4th 891, 901 (9th Cir. 2021) (explaining that unsupported speculation "does

not comport with the burden-shifting process Congress established in the PSLRA," pursuant to which "competing movants must point to evidence" to rebut the presumption).

Accordingly, Union should be appointed Lead Plaintiff, and its motion should otherwise be granted.

## II.    ARGUMENT

### A.    <u>Union Should Be Appointed Lead Plaintiff</u>

The PSLRA establishes a strong presumption that the Lead Plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (discussing the PSLRA's process for selecting a lead plaintiff).  To trigger this presumption, the movant that has the largest financial interest need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements.  *See In re Mersho*, 6 F.4th at 899 (noting that the presumptive lead plaintiff is "the movant with the largest stake [who] has made a prima facie showing of adequacy and typicality").  Once this presumption attaches, it can only be rebutted with "proof" that the presumptive Lead Plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Union is the presumptive Lead Plaintiff in this action and no "proof" exists to rebut that presumption.  Accordingly, Union is entitled to appointment as Lead Plaintiff.

#### 1.    <u>Union Has The Largest Financial Interest</u>

When assessing which movant has asserted the largest financial interest in the litigation, courts in this District and Circuit, including this Court, consider a movant's loss as the most important factor.  *See, e.g.*, *Kusen v. Herbert*, 2023 WL 8171736, at *4 (N.D. Cal. Nov. 24, 2023) (Martínez-Olguín, J.) ("In determining which plaintiff has the largest financial interest . . . most courts place the most emphasis on the competing movants' estimated losses, using a last-in, first-out (LIFO) methodology."); *Hessefort v.* Super Micro *Comput., Inc.*, 317 F. Supp. 3d 1056, 1059 (N.D. Cal. 2018) ("While the PSLRA does not specify how to calculate the largest financial interest, approximate losses in the subject securities is the preferred measure.").

As illustrated in the chart below, none of the other movants incurred a loss that even approaches the size of Union's loss. *See Cavanaugh*, 306 F.3d at 732 (stating that the PSLRA "provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case"). Indeed, Union's loss of more than $75.5 million as calculated on a LIFO basis is nearly six times larger than the loss claimed by SEB, the movant asserting the next largest loss. Further, Union's loss is more than three times greater than the combined losses claimed by the other movants. Union also has the largest financial interest based on the other factors courts consider in making that determination, having purchased the most total shares, purchased the most net shares, and expended the most net funds, with each factor being substantially larger than all other movants combined. *See Kusen*, 2023 WL 8171736, at *4 ("[C]ourts typically consider the *Lax-Olsten* factors, which include: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period.").

| Movant[2] | Reported Loss | Shares Purchased | Net Shares Purchased | Net Funds Expended |
|---|---|---|---|---|
| **Union** | **$75,524,111** | **2,141,096** | **2,121,349** | **$235,149,747** |
| SEB | $13,329,473 | 773,667 | 594,125 | $61,330,135 |
| KBC/Rhode Island Group | $10,831,491 | 494,959 | 368,205 | $39,665,363 |

There can be no credible dispute that Union has "the largest financial interest in the relief sought by the class" and is entitled to be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

---

[2] These figures are taken from each movant's respective filing. *See* ECF Nos. 24-2, 31-5, and 42-3.

**2.       Union Satisfies The Requirements Of Rule 23**

In addition to possessing the largest financial interest in the relief sought by the Class, Union satisfies the typicality and adequacy requirements of Rule 23.  At the lead plaintiff stage, a movant must make only a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements.  *See Super Micro Comput.*, 317 F. Supp. 3d at 1060-61 ("Once a movant has demonstrated that it has the largest financial interest, it need only make a prima facie showing of its typicality and adequacy.").  Union unquestionably satisfies both requirements.

As demonstrated in its opening brief, Union is a typical Class representative.  *See* ECF No. 42 at 7-8.  Like all other Class members, Union (1) purchased Fortinet common stock during the Class Period, (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) was harmed when the truth was revealed.  *See Shnayder v. Allbirds, Inc.*, 2023 WL 4771185, at *2 (N.D. Cal. July 25, 2023) (Martínez-Olguín, J.) (finding typicality met where movant asserted that it purchased securities at "prices artificially inflated by [defendant corporation's] misrepresentations and/or omissions and that they were damaged like the rest of the class by the disclosure of the misrepresentations and/or omissions that drove . . . share prices downward").  Thus, Union satisfies the typicality requirement.

Union also satisfies Rule 23's adequacy requirement because it is capable of "fairly and adequately protect[ing] the interests of the class."  Fed. R. Civ. P. 23(a)(4); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  There is no conflict between Union's interests and those of the other Class members.  The interests of Union and other Class members are directly aligned because all suffered damages from their purchases of Fortinet common stock at prices that were artificially inflated by Defendants' alleged misconduct.  As discussed above, Union has a substantial financial interest that provides it with the incentive to ensure the vigorous prosecution of this litigation.  *See Curry v. Yelp Inc.*, 2014 WL 12769377, at *2 (N.D. Cal. Nov. 17, 2014) (finding an institutional investor's "substantial financial stake in the outcome of the litigation and its timely filing of this motion demonstrate that it is both incentivized and capable of vigorously pursuing this litigation").

Moreover, Union is a sophisticated institutional investor that oversees over 525 billion euros in assets, and has extensive experience supervising the work of its proposed Lead Counsel,

Bernstein Litowitz, as a lead plaintiff in other securities class actions. *See* ECF No. 42 at 8-9. Union also has in-house legal staff who are highly experienced in supervising securities class actions under the PSLRA and will ensure close oversight of the litigation and counsel. *See id*. at 9. Thus, Union possesses the resources and experience to monitor the prosecution of this action in the best interests of the Class.

During the Class Period, Union purchased Fortinet common stock through several investment funds managed by three of its subsidiaries—Union Investment Privatfonds GmbH ("UIP"), Union Investment Institutional GmbH ("UIN"), and Union Investment Luxembourg S.A. ("UIL"). Prior to seeking appointment as Lead Plaintiff, Union obtained valid assignments of claims from UIP, UIN, and UIL on behalf of the funds listed in Union's PSLRA Certification. *See* ECF Nos. 42-2, 42-4. Accordingly, Union has standing to assert claims on behalf of those funds. *See* ECF No. 42 at 9-10; *see also Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*, 2009 WL 1458234, at *2 (D. Minn. May 26, 2009) (finding that Union had standing because it "received effective assignments of claims" and appointing Union as lead plaintiff); *Bricklayers' & Allied Craftworkers Loc. #2 Albany, NY Pension Fund v. New Oriental Educ. & Tech. Grp. Inc.*, 2022 WL 1515451, at *4 (S.D.N.Y. May 13, 2022) (German asset manager qualifies for the "prudential exception" and has standing to assert claims on behalf of its fund).

Union has further demonstrated its adequacy through its selection of Bernstein Litowitz as Lead Counsel for the Class. Bernstein Litowitz is experienced in prosecuting securities class actions and highly capable of managing complex litigation effectively. *See* ECF No. 42-5. Thus, Union satisfies the adequacy requirement.

Because Union has the largest financial interest in the relief sought by the Class and has made the requisite preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23, Union is the most adequate plaintiff under the PSLRA and should be appointed Lead Plaintiff. *See In re Mersho*, 6 F.4th at 899 ("Once the district court has determined that the movant with the largest stake has made a prima facie showing of adequacy and typicality, that movant becomes the presumptively most adequate plaintiff.").

**3.    The Presumption In Favor Of Appointing Union As Lead Plaintiff Cannot Be Rebutted**

To overcome the strong presumption entitling Union to appointment as Lead Plaintiff, the PSLRA requires the other movants to present "proof" that Union is atypical or inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Mersho*, 6 F.4th at 899, 902 ("The statute requires proof that the presumptive lead plaintiff is not adequate" and requires courts to "articulate how the ***evidence***" presented by competing movants "***proves***" the presumptive lead plaintiff's inadequacy.); *Doherty v. Pivotal Software, Inc.*, 2019 WL 5864581, at *6 (N.D. Cal. Nov. 8, 2019) ("[S]peculative assertions are insufficient" to "overcome" the presumption.).  No such proof exists in this case, and there can be no credible arguments to the contrary.  Recognizing this, the competing movants do not oppose the appointment of Union as Lead Plaintiff.  *See* ECF Nos. 53-54.  As such, Union's motion is unopposed.

Because Union has met all the requirements for appointment as Lead Plaintiff, the Court need not consider the competing motions.  *See Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical."); *see also Faris v. Longtop Fin. Techs. Ltd.*, 2011 WL 4597553, at *8 (S.D.N.Y. Oct. 4, 2011) ("[T]he inquiry can stop here, now that the Court has determined [which movant] has the largest financial interest and is otherwise typical and adequate.").

**B.    Union's Selection Of Lead Counsel Should Be Approved**

The PSLRA grants the Lead Plaintiff with the power to select and retain counsel for the Class, subject to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  Courts generally do not disturb the Lead Plaintiff's choice of counsel.  *See Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.").  Union has selected Bernstein Litowitz as proposed Lead Counsel for the Class.  Bernstein Litowitz is among the preeminent securities class action law firms in the country and has recovered over $40 billion for investors in securities

class actions and obtained groundbreaking corporate governance reforms. *See* ECF No. 42-5. Bernstein Litowitz has a long history of successfully prosecuting federal securities class actions, including achieving several landmark recoveries in cases that were litigated in this District. *See* ECF No. 42 at 11-12. This prior experience demonstrates that Bernstein Litowitz is eminently qualified to represent the Class in this action. Accordingly, the Court should approve Union's selection of Bernstein Litowitz as Lead Counsel for the Class.

### C.    The Related Actions Should Be Consolidated

All movants agree that consolidation of the Related Actions is appropriate, and each has moved for consolidation. *See* ECF Nos. 23 at 4-5; 31 at 3-4; 42 at 12-13. Accordingly, the Related Actions, which present virtually identical factual and legal issues arising out of the same alleged misconduct by substantially similar Defendants and involve the purchase of Fortinet common stock during the same class periods, at artificially inflated prices, should be consolidated pursuant to Rule 42(a). *See Allbirds*, 2023 WL 4771185, at *1 (consolidating securities class actions that "assert substantially the same PSLRA claims and involve similar questions of law and fact"); *Ali v. Intel Corp.*, 2018 WL 2412111, at *2 (N.D. Cal. May 29, 2018) (consolidating securities class actions that "present questions of law and fact that overlap almost completely").

### III.    CONCLUSION

For the reasons discussed above and in its opening brief, Union respectfully requests that the Court: (1) appoint it as Lead Plaintiff; (2) approve its selection of Bernstein Litowitz as Lead Counsel for the Class; (3) consolidate the above-captioned Related Actions; and (4) grant any such further relief as the Court may deem just and proper.

Dated:  December 5, 2025                    Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481

-and-

GERALD H. SILK
(jerry@blbglaw.com)
SCOTT R. FOGLIETTA
(scott.foglietta@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

*Counsel for Proposed Lead Plaintiff Union Asset Management Holding AG and Proposed Lead Counsel for the Class*