UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM,

Plaintiff,

v.

FORTINET, INC., et al.,

Defendants.

Case No. 25-cv-08037-AMO

**ORDER RE MOTIONS TO CONSOLIDATE, APPOINT LEAD PLAINTIFF, AND APPOINT LEAD COUNSEL**

Re: Dkt. Nos. 23, 31, 42

STATE OF RHODE ISLAND OFFICE OF THE GENERAL TREASURER ON BEHALF OF THE EMPLOYEES' RETIREMENT SYSTEM OF THE STATE OF RHODE ISLAND,

Plaintiff,

v.

FORTINET, INC., et al.,

Defendants.

Case No. 25-cv-08888-AMO

Re: Dkt. No. 21

Pending before the Court are three putative class members' motions requesting consolidation, appointment of lead plaintiff, and appointment of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The matters are fully briefed and suitable for decision without oral argument. Accordingly, the hearings set for March 5, 2026, are **VACATED**. *See* Civil L.R. 7-6; Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court **CONSOLIDATES** the above-captioned cases, **APPOINTS** Union Asset Management Holding AG as lead plaintiff, and **APPOINTS** Bernstein Litowitz Berger & Grossman LLP as lead counsel.

## I.    CONSOLIDATION

The PSLRA instructs that before appointing a lead plaintiff, the Court first must consider any motions to consolidate actions that assert "substantially the same claim or claims."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  Under Federal Rule of Civil Procedure 42(a), the Court may consolidate actions that "involve a common question of law or fact."  District courts have "broad discretion" to consolidate actions under Rule 42(a).  *Shenwick v. Twitter, Inc.*, No. 16-cv-05314-JST, 2016 WL 10672428, at *1 (N.D. Cal. Dec. 22, 2016) (quoting *Investors Research Co. v. Dist. Court*, 877 F.2d 777, 777 (9th Cir. 1989)).  Courts have found that securities class actions brought under the PSLRA "are particularly well suited to consolidation pursuant to Rule 42(a)."  *Hessefort v. Super Micro Computer, Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018) (quoting *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-cv-05368-LHK, 2014 WL 2604991, at *3 (N.D. Cal. June 10, 2014)).

All three motions before the Court seek to consolidate the above-captioned actions.  *See Oklahoma Firefighters*, Dkt. Nos. 23, 31, 42; *Rhode Island*, Dkt. No. 21.[1]  Both are putative class actions brought on behalf of persons or entities that purchased Fortinet, Inc. ("Fortinet") common stock between November 8, 2024, and August 6, 2025.  *Oklahoma Firefighters*, Dkt. No. 1 ¶ 1; *Rhode Island*, Dkt. No. 1 ¶ 1.  Both actions allege identical claims against Fortinet, including violations of Sections 20(a), 10(b), and Rule 10b-5 of the Exchange Act.  *Id.*  Because the cases assert substantially the same PSLRA claims and involve similar questions of law and fact, the Court **CONSOLIDATES** the above-captioned cases.

## II.    APPOINTMENT OF LEAD PLAINTIFF

The Court next takes up the motions to appoint lead plaintiff.  The Ninth Circuit instructs district courts to follow a three-step process for determining appointment of lead plaintiff in private securities actions arising under the PSLRA.  *See In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002); *Xu v. FibroGen, Inc.*, No. 21-cv-02623-EMC, 2021 WL 3861454, at *3 (N.D. Cal. Aug. 30, 2021).  First, a plaintiff must satisfy the PSLRA's notice requirement by publishing

---

[1] The Court cites to four docket entries even though there are only three sets of papers because Plaintiff SEB Funds AB filed its motion in both *Oklahoma Firefighters* and *Rhode Island*.

2

United States District Court
Northern District of California

notice "in a widely circulated national business-oriented publication or wire service" advising members of the putative class of the pending action within 20 days of filing the complaint. 15 U.S.C. § 78u-4(3)(A)(i). Second, the Court must appoint the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(3)(B)(i). There is a rebuttable presumption that the "most adequate plaintiff" is the person who (1) filed the complaint or made a motion in response to the notice; (2) has the largest financial interest; and (3) otherwise satisfies Federal Rule of Civil Procedure 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see Cavanaugh*, 306 F.3d at 729-30 (describing the PSLRA process for appointing lead plaintiff). Third and finally, the Court must consider any contentions by the putative class members to rebut the presumption that the most adequate plaintiff will satisfy Rule 23(a)'s typicality and adequacy requirements. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Court first examines whether the notice requirement was satisfied. On September 22, 2025, Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters") filed the first of these cases. *Oklahoma Firefighters*, Dkt. No. 1. The same day, counsel for Oklahoma Firefighters published a notice on *ACCESS Newswire*, alerting investors of the action and informing them of the 60-day deadline to seek appointment as lead plaintiff. *Oklahoma Firefighters*, Dkt. No. 7-1. Union Asset Management Holding AG ("Union") filed its motion for appointment of lead plaintiff on November 21, 2025. *Oklahoma Firefighters*, Dkt. No. 42. Thus, the notice requirement is satisfied because the notice was published within 20 days of the *Oklahoma Firefighters* complaint's filing and because Union filed its motion to be appointed lead plaintiff within 60 days of the notice's publication.

Next, the Court considers whether Union is the most capable plaintiff to adequately represent the interest of the class members. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i)-(iii). As noted above, the most capable plaintiff "is the one who has the greatest financial stake in the outcome of the case." *Cavanaugh*, 306 F.3d at 730. District courts often consider four factors in evaluating a plaintiff's financial stake, including the total number of shares and net shares purchased during the class period, total net funds expended during the class period, and the approximate losses during the class period. *Melucci v. Corcept Therapeutics Incorporated*, No. 19-cv-01372-LHK, 2019

United States District Court
Northern District of California

WL 4933611, at *3 (N.D. Cal. Oct. 7, 2019) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)).  Here, Union alleges purchasing more than 2.1 million shares of Fortinet common stock and incurring a total loss of over $75.5 million.  *Oklahoma Firefighters*, Dkt. No. 42 at 11-12.  No movant contests that Union has the largest financial interest at stake, *see Oklahoma Firefighters*, Dkt. Nos. 53, 54, and thus, the Court finds that Union has the largest financial interest at stake.

Finally, the Court examines whether Union satisfies the Rule 23 typicality and adequacy requirements.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."  *Hessefort*, 317 F. Supp. 3d at 1061 (quoting *City of Royal Oak Ret. Sys. V. Juniper Networks, Inc.*, No. 5:11-cv-04003-LHK, 2012 WL 798780, at *5 (N.D. Cal. Jan. 9, 2012)).  The Court, in assessing a lead plaintiff's adequacy, asks whether the plaintiff will "fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4), as well as whether plaintiff and counsel have any conflicts of interest with other class members and will "prosecute the action vigorously."  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (citation omitted).  Union asserts that its injury is typical because "[l]ike all other [c]lass members, Union (1) purchased Fortinet common stock during the [c]lass [p]eriod, (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) was harmed when the truth was revealed."  *Oklahoma Firefighters*, Dkt. No. 42 at 12.  Union further alleges that it does not have any actual or potential conflicts of interest with other putative class members, and that it will vigorously prosecute the putative class's claims.  *Id.* at 13.

Because Union meets the statutory requirements to serve as lead plaintiff, the Court **GRANTS** its motion for appointment as lead plaintiff under Title 15 U.S.C. § 78u-4(a)(3). Having appointed Union, the Court proceeds to the appointment of lead counsel.

### III.    APPOINTMENT OF LEAD COUNSEL

Union seeks appointment of Bernstein Litowitz Berger & Grossman LLP ("Bernstein

United States District Court
Northern District of California

Litowitz") as lead counsel. *Oklahoma Firefighters*, Dkt. No. 55 at 11. The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The district court should defer to lead plaintiff's choice for lead counsel if their choice is reasonable. *Cohen v. U.S. Dist. Ct. for N. Dist. Of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009). Bernstein Litowitz has extensive experience litigating securities class actions. *See Oklahoma Firefighters*, Dkt. No. 42 at 16-17; *Oklahoma Firefighters*, Dkt. No. 42-5 at 9-18. Bernstein Litowitz has previously served as lead counsel in securities class actions where it successfully recovered on behalf of investors, including in this District. *Id.* Bernstein Litowitz has also secured significant settlements on behalf of investors. *Id.* Further, no movant contends that selecting Bernstein Litowitz as lead counsel would be unreasonable. Thus, given the statutory presumption in favor of lead plaintiff's selection of lead counsel and because the Court finds no reason to conclude that lead plaintiff's selection is unreasonable, the Court **APPOINTS** Bernstein Litowitz to serve as class counsel.

**CONCLUSION**

For the foregoing reasons, the Court **ORDERS**:

1. The above-captioned cases are **CONSOLIDATED** for all purposes, including pre-trial proceedings, trial, and appeal, into a consolidated action (the "Consolidated Action").

2. The Consolidated Action shall be captioned "In re Fortinet, Inc. Securities Litigation," and the file shall be maintained under Lead Case No. 3:25-cv-08037-AMO.

3. The Clerk of Court shall administratively close Case No. 25-cv-08888-AMO.

4. When a case which properly belongs as part of *In re Fortinet, Inc. Securities Litigation*, Lead Case No. 3:25-cv-8037-AMO, is hereafter filed in, removed to, or transferred to this Court, the parties' counsel shall call such filing, removal, or transfer to the Court's attention for purposes of consolidating such case(s) with *In re Fortinet, Inc. Securities Litigation*, Lead Case No. 3:25-cv-8037-AMO.

5. The Court **GRANTS** Union's motion for appointment as lead plaintiff and **APPOINTS** Bernstein Litowitz to serve as class counsel.

6. The parties shall submit a proposed schedule, within seven (7) days of this order, for the

United States District Court
Northern District of California

5

filing of a consolidated complaint and Defendants' responses thereto.

7.  This Order disposes of Docket Numbers 23, 31, and 42 in *Oklahoma Firefighters* and Docket Number 21 in *Rhode Island*.

**IT IS SO ORDERED.**

Dated: February 20, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

6